FRANK W. BAKER v. LOG SYSTEMS, INC., D/B/A LINCOLN LOG HOMES, INC.

No. 8419SC929

(Filed 18 June 1985)

1. **Contracts § 27.2— breach of dealership purchase agreement—summary judgment for purchaser proper**

    The trial court did not err by granting summary judgment for plaintiff on the issue of liability where the undisputed facts showed that the parties entered into an agreement in which defendant agreed to appoint plaintiff one of its dealers in exchange for the purchase of a log kit by plaintiff and that defendant, not having the authority to issue franchises in California, breached the agreement by being unable to award the franchise upon payment of the deposit by plaintiff.

2. **Contracts § 26— breach of dealership purchase agreement—findings by Commission of Corporations of California**

    In an action in which plaintiff sought damages arising from plaintiff's purchase of a dealership in log homes for California, the trial court did not err by finding that the decision of the Commission of Corporations of California af-

fected the validity of the agreement between plaintiff and defendant, determined that defendant's action in entering into the agreement was unlawful conduct, and determined that the agreement between plaintiff and defendant constituted franchising activities as defined under the California Code where the California Commission found that defendant had sold franchises in California, that these franchises included the contractual agreement between the parties, and that plaintiff did not have authority to issue franchises under California law.

**3. Appeal and Error § 45.1; Contracts § 27.1— failure to bring forward exceptions —dealership price subsumed in price of log home**

In an action arising from plaintiff's purchase of a dealership in log homes, defendant abandoned exceptions to the trial court's findings that plaintiff paid at least $13,000 for his appointment as a designated retailer of defendant's products where those exceptions were not brought forward in defendant's brief; moreover, the sales order which defendant admitted was part of the contract indicated that the territorial grant was subsumed within the purchase price of the home.

APPEAL by defendant from *Davis, Judge*. Judgment entered 11 May 1984 *nunc pro tunc* 7 May 1984 in Superior Court, CABARRUS County. Heard in the Court of Appeals 17 April 1985.

Plaintiff, a California resident, instituted this action on 14 April 1983 by filing a complaint in which he alleged, *inter alia*, that he had been induced to travel to defendant's office in Kannapolis, North Carolina by defendant's advertisement in the *San Francisco Chronicle* soliciting persons to become "dealers" of defendant's log homes; that based upon representations of defendant that it had the authority to sell franchise dealerships for its log home kits in the State of California, plaintiff entered into an agreement in which defendant named plaintiff as its dealer in consideration of plaintiff's purchase of a log home from defendant; that plaintiff paid $13,000 as a deposit for the purchase of a kit; that plaintiff subsequently discovered that defendant did not have the authority to issue a franchise in the State of California; and that he relied upon defendant's representation to his damage. He sought to recover $13,000 in actual damages, $25,000 in punitive damages and damages under G.S. 75-16.

Defendant filed an answer in which it admitted that the parties had entered into the agreement, that plaintiff had agreed to purchase a log home kit, and that plaintiff had paid it $13,000 as part of the purchase price for a kit. It denied all other allegations.

Plaintiff then filed a motion for summary judgment. In support of the motion he filed an affidavit in which he stated that he was required to purchase a log home as an express condition of his appointment as a dealer under the agreement; that at the time the agreement was entered into, defendant did not have the authority to issue franchises in California; and that defendant had refused his demands for a refund. Plaintiff attached to his affidavit a decision of the California Department of Corporations issued 23 June 1983 in which defendant was ordered to desist and refrain from the sale or issuance of franchises because it was not registered to sell or issue franchises under California law.

In response to plaintiff's motion for summary judgment, defendant's president filed an affidavit in which he averred that defendant had made no misrepresentations, that plaintiff was obligated to purchase a log home package under the terms of the parties' agreement, and that defendant was ready, willing, and able to deliver a log home kit to plaintiff.

Based upon these materials, the trial court, concluding there was no genuine issue of material fact as to defendant's breach of the underlying contract, granted partial summary judgment for plaintiff. It reserved the issues of punitive damages and damages under G.S. 75-16 for trial. It also stated certain facts were undisputed requiring no further proof at trial. Upon a certification that there was no just reason for delay, defendant appealed.

*Hartsell, Hartsell & Mills, by Fletcher L. Hartsell, Jr., for plaintiff appellee.*

*Hamel, Hamel & Pearce, by Hugo A. Pearce, III and Reginald S. Hamel, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant first contends the court erred in granting summary judgment for plaintiff on the issue of liability. It argues summary judgment was improper because there was a genuine issue of material fact as to the issue of fraud since plaintiff's complaint sounded in fraud. The court, however, granted summary judgment for plaintiff on the ground that the undisputed facts

showed defendant breached its contract with plaintiff. If the facts alleged in a complaint are sufficient to permit recovery under a legal theory not stated in the complaint, recovery will be allowed under that theory. *See Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Here, the complaint alleged facts sufficient to state a claim for breach of contract. The undisputed facts show that the parties entered into an agreement in which defendant agreed to appoint plaintiff as one of its dealers in exchange for the purchase of a log kit by plaintiff and that defendant, not having the authority to issue franchises in the State of California, breached that contract by being unable to award the franchise upon the payment of the deposit by plaintiff. Defendant's arguments regarding the propriety of summary judgment on the issue of fraud are extraneous and irrelevant.

[2] Defendant next contends that the court erred in finding that the decision of the Commission of Corporations of California: (a) affected the validity of the agreement between plaintiff and defendant; (b) determined that the defendant's action in entering into the agreement was unlawful conduct; and (c) determined that the agreement between the plaintiff and defendant constituted franchising activities as defined under the California Code. This contention is without merit. The California Commission found in its decision that defendant had sold franchises in California, that these franchises included the contractual agreement between the parties, and that plaintiff did not have authority to issue franchises under California law. These findings clearly support the court's finding and conclusion.

[3] Defendant's remaining contention that there was no basis for the court's finding that plaintiff paid at least $13,000 to defendant for his appointment as a designated retailer of defendant's products is also without merit. Among the court's findings of undisputed facts were findings: (1) that among the express terms and conditions of the parties contract was a requirement that plaintiff purchase a log home to reserve the right to sell defendant's products in a designated area of California; and (2) that "[p]laintiff was required to purchase a log home from defendant as an express, concomitant condition of his 'appointment' as a designated retailer of defendant's log home kits in the Designated Area." Defendant did not bring forward exceptions to these findings in its brief; it is therefore deemed to have abandoned them.

Rule 28(b)(5), Rules of Appellate Procedure. Moreover, the sales order, which defendant admitted was part of the contract, indicates that the territorial grant was subsumed within the purchase price of the home.

For the foregoing reasons, the court's judgment is

Affirmed.

Judges WHICHARD and EAGLES concur.