NANCY HENDERSON, Plaintiff v. FREDERICK HENDERSON, Defendant

No. COA94-1347

(Filed 5 March 1996)

1. **Divorce and Separation § 353 (NCI4th)— child custody— alleged sexual abuse of daughter by father—findings appropriate**

The trial court in a child custody action did not fail to make appropriate findings of fact regarding alleged sexual abuse of the parties' daughter and did not err in allowing the guardian ad litem to testify as to her opinion regarding the abuse allegations, since the court found that the DSS investigation produced no evidence of sexual abuse and an abuse action had been dismissed; based upon testimony of an expert witness in psychology and a report provided by Carolina Psychological Health Services, the court found that defendant did not possess characteristics which would cause one to believe that he would commit acts of sexual abuse as alleged by plaintiff; and even it the court erred in admitting testimony by the guardian ad litem, plaintiff could not show that she was prejudiced by the evidence.

**Am Jur 2d, Divorce and Separation §§ 974, 982.**

**Consideration of investigation by welfare agency or the like in making or modifying award as between parents of custody of children. 35 ALR2d 629.**

**Denial or restriction of visitation rights to parent charged with sexually abusing child. 1 ALR5th 776.**

2. **Divorce and Separation § 341 (NCI4th)— removal of children from N.C.—sufficiency of evidence to support findings**

The evidence in a child custody action was sufficient to support the trial court's finding that, if plaintiff's removal of the children from N.C. without advising other interested persons was not an intent to remove the children from defendant, it was at best an exercise in poor judgment.

HENDERSON v. HENDERSON

[121 N.C. App. 752 (1996)]

**Am Jur 2d, Divorce and Separation § 988.**

**Interference by custodian of child with noncustodial parent's visitation rights as ground for change of custody. 28 ALR4th 9.**

3. **Divorce and Separation § 353 (NCI4th)— award of custody to defendant father—children's best interests—sufficiency of evidence**

The evidence was sufficient to support the trial court's finding that the best interests of the parties' children would be served by awarding custody to defendant father where the court found among other things that defendant had an outstanding work record, had arranged for child care while he worked, and had rented a suitable apartment for himself and the children; based on observation in the courtroom and mirroring language in the. psychological profile prepared by an expert, plaintiff had demonstrated that she was a very hysterical and uptight person who caused stressful situations to exist and linger in the lives of those around her; defendant demonstrated a very settled and calm manner; the son had missed 27 days of school while in plaintiff's custody; but defendant insisted that he attend school, and his grades improved.

**Am Jur 2d, Divorce and Separation §§ 974, 980.**

**Mental health of contesting parent as factor in award of child custody. 74 ALR2d 1073.**

Appeal by plaintiff from order entered 9 June 1994 by Judge Arnold O. Jones in Lenoir County District Court. Heard in the Court of Appeals 12 September 1995.

Plaintiff Nancy Henderson and defendant Frederick Henderson married in August 1983. They have two children, a son born in 1987 and a daughter born in 1989. The couple separated on 9 May 1993 after plaintiff claimed she saw defendant sexually assault the daughter by rubbing his finger on the child's groin area. Defendant denied the allegation, claiming he merely tickled the child and never touched her groin area.

Based on plaintiff's allegation, the Lenoir County Department of Social Services (DSS) filed a petition alleging the daughter had been abused and a guardian *ad litem* was appointed to represent the child's interests. The Lenoir County Juvenile Court dismissed the

petition for lack of evidence in December 1993. Later that month, DSS filed a petition alleging neglect and both children were adjudicated to be neglected children in an order filed 21 December 1993. The order made no determination of custody, and the court directed the parties to file an action for custody "if either party care[d] to litigate the issue." Plaintiff retained physical custody of the children.

Plaintiff filed this action 14 January 1994 for temporary and permanent custody. Defendant filed a motion, supported by the Lenoir County Mental Health Department and the guardian *ad litem,* for increased visitation. On 22 February 1994, plaintiff removed the furniture from the marital home, and the next day took the children to her aunt's home in Pennsylvania. After discovering the plaintiff had left the state with the children, defendant obtained an *ex parte* order granting him temporary custody on 25 February 1994. Plaintiff returned with the children on 7 March 1994, and defendant obtained custody on 9 March 1994. After a full evidentiary hearing on 6 June 1994, the trial court entered an order 9 June 1994 granting custody to the defendant. From this order, plaintiff appeals.

*Gerrans, Foster, & Kriss, P.A., by Jeannette P. Kriss, for plaintiff-appellant.*

*Dixon, Doub, & Conner, by Ernest L. Conner, Jr., for defendant-appellee.*

McGEE, Judge.

A trial judge is vested with wide discretionary power in custody proceedings. *Green v. Green,* 54 N.C. App. 571, 573, 284 S.E.2d 171, 173 (1981). "The normal rule in regard to the custody of children is that where there is competent evidence to support a judge's finding of fact, a judgment supported by such findings will not be disturbed on appeal." *Id.* Plaintiff argues the trial court erred by: 1) failing to make appropriate findings of fact regarding the alleged sexual abuse of the daughter; 2) allowing the guardian *ad litem* to testify as to her opinion regarding the abuse allegations; 3) relying on incompetent evidence to determine plaintiff's intent in taking the children to Pennsylvania; and 4) concluding it was in the best interests of the children for the defendant to have custody. After reviewing the record, we find the findings in this case are supported by competent evidence and the judgment is supported by the findings. We find no prejudicial error and affirm.

HENDERSON v. HENDERSON

[121 N.C. App. 752 (1996)]

I.

[1] Regarding the alleged sexual abuse of the daughter, plaintiff contends the trial court failed to resolve the evidence of the alleged sexual abuse in its findings of facts as required by law. *See Dixon v. Dixon*, 67 N.C. App. 73, 79, 312 S.E.2d 669, 673 (1984) (trial court is obligated to resolve any evidence of child abuse in its findings of facts). However, although the court did not make a finding as to whether the abuse did or did not occur, this issue is adequately addressed by the court's findings.

The trial court noted in finding of fact number 17 that the DSS investigation produced no evidence of sexual abuse and the abuse action had been dismissed. The court goes on to find in finding of fact number 47:

> [T]his Court finds, based upon the testimony of Dr. Gregory Gridley [expert witness in psychology], and the report provided by Carolina Psychological Health Services . . . , that *the Defendant does not possess those characteristics which would cause one to believe that he was or is a person who would commit acts of sexual abuse* as alleged by the Plaintiff.

(emphasis added). These findings sufficiently resolve the sexual abuse issue.

Plaintiff also contends the trial court erred in allowing the guardian *ad litem* to testify she felt there was no evidence to support plaintiff's allegations of sexual abuse. Plaintiff argues the guardian was not qualified to give such testimony. However, even if the testimony was inadmissible, plaintiff cannot show she was prejudiced by the evidence. "In a trial by a court without a jury, the erroneous admission of evidence will not ordinarily be held prejudicial, because it is presumed that the court did not consider the incompetent evidence." *In re Peirce*, 53 N.C. App. 373, 388, 281 S.E.2d 198, 207 (1981). Here, the order shows the trial judge based his findings of fact regarding the sexual abuse allegations upon the testimony of the expert witness in psychology and the report of Carolina Psychological Health Services. The court's findings are based upon competent evidence and are binding on this Court. The admission of the guardian's testimony, even if erroneous, was harmless error.

II.

[2] Plaintiff assigns as error the trial court's finding of fact number 43, which reads: "If Plaintiff's removal of the children from North

Carolina on or about February 23, 1994, without advising other interested persons, was not an intent by Plaintiff to remove the children from the Defendant, it was at best, an exercise in poor judgment by Plaintiff." Plaintiff contends the court erred by allowing the guardian *ad litem* to testify that she felt at the time, based on the facts and her own investigation, that plaintiff had fled with the children. Again, even if the admission of this testimony was error, there is other competent evidence supporting the trial court's findings.

The following evidence was presented at the hearing: 1) defendant testified he did not know plaintiff was taking the children to Pennsylvania; 2) plaintiff did not inform DSS or the guardian *ad litem* of the trip; 3) plaintiff did not advise her employer of the trip and did not report to work as scheduled; 4) plaintiff removed the furnishings from the marital home, just prior to the trip, in violation of a court order; 5) plaintiff's family members told the guardian *ad litem* they did not know her whereabouts; 6) during the trip, the children missed a scheduled visitation with the defendant, and the daughter missed a scheduled appointment with her psychotherapist at the county health department which plaintiff never cancelled; 7) plaintiff testified the son was too sick to attend school, but took him with her to Pennsylvania; and 8) plaintiff testified that after returning from Pennsylvania, she decided to move to the beach, but prior to that, she had not decided where she and the children would live after moving the furnishings out of the marital home. This evidence supports the trial court's finding that if plaintiff did not intend to remove the children, then her actions were "an exercise in poor judgment."

Plaintiff also argues the trial court erred in its findings because plaintiff presented evidence that she told defendant of the trip and that the purpose of the trip was to visit her sick aunt. However, "the findings of the trial judge regarding custody and support are conclusive when supported by competent evidence, even when the evidence is conflicting . . . ." *Dixon v. Dixon*, 67 N.C. App. 73, 76, 312 S.E.2d 669, 671-72 (1984) (citations omitted). Here, the findings are supported by competent evidence and are binding on this Court.

III.

[3] Plaintiff also argues the trial court erred in finding the children's best interests would be served by awarding custody to the defendant. Plaintiff first claims the court erroneously admitted the guardian *ad litem*'s testimony that she believed it was in the best interests of the

children to be placed with the defendant. However, as discussed above, the court is presumed to have disregarded any incompetent evidence. The record contains competent evidence to support the trial court's findings.

Among other things, the court found: 1) defendant has an outstanding work record; 2) defendant had arranged for child care while he works; 3) defendant had rented a suitable apartment for himself and the children; 4) based on observations in the courtroom and mirroring the language in the psychological profile prepared by Dr. G.H. Engelstatter, that "Plaintiff has demonstrated, during the course of this trial and throughout the course of this litigation, that she is a very hysterical and uptight person who causes stressful situations to exist and linger in the lives of those individuals around and about her"; 5) defendant "demonstrated a very settled and a very calm manner in the way he handles himself in crises as demonstrated by his handling of the allegations made by Plaintiff"; and 6) the son had missed 27 days of school while in plaintiff's custody, but defendant and defendant's step-mother insisted the son attend school while he was in defendant's custody, and the son's grades improved. These findings support the trial court's finding that the children's best interests would be served by giving custody to the defendant.

Plaintiff further argues the court did not make appropriate findings of fact regarding the children's best interests and "overlooked" relevant evidence she claims shows she should have been awarded custody. However, as stated above, the court made findings of fact based on competent evidence which support the judgment and that judgment will not be disturbed on appeal. See Green, 54 N.C. App. at 573, 284 S.E.2d at 173. This is true even if there is conflicting evidence tending to support an award of custody to the plaintiff. See Dixon, 67 N.C. App. at 76, 312 S.E.2d at 671-72.

"[O]ur Court has repeatedly held that the presiding judge, who has the unique opportunity of seeing and hearing the parties, witnesses and evidence at trial, is vested with broad discretion in cases concerning the custody of children." In re Peal, 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982). We find no abuse of that discretion in this case. For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges MARTIN, John C., and WALKER concur.