SUSAN McCONNELL, Plaintiff v. NACY McCONNELL, Defendant

No. COA01-1009

(Filed 6 August 2002)

**1. Appeal and Error— appealability—child custody—safety of child**

A substantial right was affected and an interlocutory appeal was heard where plaintiff appealed from a child custody and support order that did not address claims for alimony or equitable distribution but the physical well being of the child was at issue.

McCONNELL v. McCONNELL

[151 N.C. App. 622 (2002)]

## 2. Child Support, Custody, and Visitation— findings—no assignment of error or exception—conclusive

The trial court's findings were conclusive on appeal in a child custody action where plaintiff did not assign error or except to any of the court's findings.

## 3. Child Support, Custody, and Visitation— custody—changed circumstances—remarriage to convicted molester

An order changing the custody of a child was justified by a change of circumstances, and the court did not abuse its discretion in concluding that it was in the child's best interest to change custody to defendant, where plaintiff indicated her intention to marry a man convicted of molesting a 14 year old female and who admitted to continued sexual urges for postpubescent females.

## 4. Child Support, Custody, and Visitation— custody—changed circumstances—effect on the child

An order changing child custody sufficiently set forth changed circumstances affecting the welfare of the child where there was a direct threat of sexual molestation. The order must demonstrate consideration of the effect on the child's welfare, which was clearly done here, but the court is not required to wait for the adverse effects to manifest themselves or for harm to come to the minor before it can alter custody.

Judge GREENE dissenting.

Appeal by plaintiff from judgment entered 13 November 2000 by Judge V. Bradford Long in Moore County District Court. Heard in the Court of Appeals 21 May 2002.

*Law Firm of Richard J. Costanza, by Hal Morris, for plaintiff.*

*Robbins, May & Rich, LLP, by P. Wayne Robbins, for defendant.*

BIGGS, Judge.

This appeal arises from a modification of a custody order based upon changed circumstances. For the reasons herein, we affirm the trial court.

Susan McConnell (plaintiff) and Nacy McConnell (defendant) were married on 27 December 1971, and lived together as husband and wife until June 1996, when they separated. Although four children were born of this marriage, only one child, born on 8 October

McCONNELL v. McCONNELL

[151 N.C. App. 622 (2002)]

1985, was a minor at all relevant times and she is the subject of this action.

Following their separation, on 13 August 1996, plaintiff filed a complaint in Moore County Civil District Court, seeking custody of the parties' minor child, child support, equitable distribution, temporary possession of marital home, post separation support and alimony. Defendant filed an answer admitting that it was in the minor child's best interest for plaintiff to have sole physical custody.

On 11 March 1997, following a hearing for permanent custody and child support, the trial court entered an order awarding joint legal custody, with plaintiff having primary physical custody of the minor child and defendant having secondary custody in the form of visitation.

Some time after the 1997 order, defendant remarried and purchased a home in Clayton, North Carolina. Plaintiff began corresponding with Davis Chung, a Virginia resident she met through a Christian Internet chat room. Plaintiff and Chung were later engaged to marry. Plaintiff planned to relocate to Virginia with the minor child, but has not yet moved.

On 5 June 2000, defendant filed a Motion to Modify Child Custody alleging that plaintiff was engaged to marry Davis Chung, a convicted child sex offender, and that she intended to relocate to Virginia with the parties' minor child.

On 13 November 2000, the trial court entered an order granting defendant's motion to modify and placing the minor child in his custody. From this order, plaintiff appeals.

_____

[1] At the outset, we note that plaintiff appeals from a child custody and support order that does not address her claims for alimony or equitable distribution. Thus based on the record before us, this appeal would appear to be interlocutory, since the order appealed from does not resolve all of the parties' claims arising out of this action. See generally, Embler v. Embler, 143 N.C. App. 162, 545 S.E.2d 259 (2001); Veazey v. Durham, 231 N.C. 357, 57 S.E.2d 377 (1950). An immediate appeal from an interlocutory order will only lie where (1) the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b); or (2) when the challenged order affects a substantial right that may be lost without immediate review.

McCONNELL v. McCONNELL

[151 N.C. App. 622 (2002)]

*Flitt v. Flitt,* 149 N.C. App. 475, 561 S.E.2d 511 (2002). Whether an interlocutory appeal affects a substantial right is determined on a case by case basis. *McCallum v. North Carolina Coop. Extensive Serv. of N.C. State Univ.,* 142 N.C. App. 48, 542 S.E.2d 227 (2001). The burden to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order is on the appellant.[1] *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 444 S.E.2d 252 (1994).

In the case *sub judice,* the trial court did not certify the case for immediate appeal pursuant to Rule 54, and thus we must determine whether the order appealed from affects a substantial right. "A substantial right is 'one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.'" *Turner v. Norfolk S. Corp.,* 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citations omitted). Our Supreme Court, in *Oestreicher v. Stores,* 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976), defined a substantial right as "a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right." This appeal arises from an order modifying a permanent custody order for a minor child. Our Courts have not addressed whether a permanent custody order affects a substantial right.[2] However, the order in this case involves the removal of the child from a home where the court specifically concluded "that there is a direct threat that the child is subject to sexual molestation if left in the mother's home." Where as here, the physical well being of the child is at issue, we conclude that a substantial right is affected that would be lost or prejudiced unless immediate appeal is allowed. Accordingly, we will address the merits of this appeal.

---

**[2]** Although plaintiff sets forth several assignments of error in her brief, the dispositive issue on appeal is whether the trial court erred in modifying the 1997 custody order. Plaintiff specifically argues that (1) there was insufficient evidence presented to establish a substantial change of circumstances; (2) the court in its order failed to make a specific finding of fact that a substantial change of circumstance

---

1. Though not applicable to the present case, effective 31 October 2001, N.C.R. App. P. 28(b)(4) requires that when an appeal is interlocutory, appellant's brief must include a statement to support appellate review when the appeal is based on the existence of a substantial right.

2. Our Courts have generally held that interlocutory orders in domestic cases that implicate only financial repercussions do not affect a substantial right. *Embler v. Embler,* 143 N.C. App. at 166, 545 S.E.2d at 262.

McCONNELL v. McCONNELL

[151 N.C. App. 622 (2002)]

that "affects the welfare of the child" had occurred; and (3) the court's findings of fact do not support its conclusions of law. We disagree.

It is well settled that the trial court is vested with broad discretion in child custody cases. *Henderson v. Henderson*, 121 N.C. App. 752, 468 S.E.2d 454 (1996). The decision of the trial court should not be upset on appeal absent a clear showing of abuse of discretion. *Falls v. Falls*, 52 N.C. App. 203, 278 S.E.2d 546 (1981). "Findings of fact by a trial court must be supported by substantial evidence." *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97-98 (2000) (citation omitted). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Union Transfer and Storage Co. Inc. v. Lefeber*, 139 N.C. App. 280, 533 S.E.2d 550 (2000). "A trial court's findings of fact in a bench trial have the force of a jury verdict and are conclusive on appeal if there is evidence to support them." *Browning*, 136 N.C. App. at 423, 524 S.E.2d at 98. However, the trial court's conclusions of law must be reviewed *de novo*. *Id.*

In the case *sub judice*, plaintiff does not assign error or except to any of the court's findings. Where no error is assigned to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 292 S.E.2d 159 (1982) (citations omitted); *see also Baker v. Log Systems, Inc.*, 75 N.C. App. 347, 350-51, 330 S.E.2d 632, 635 (1985) (where appellant does not bring forth exceptions in his brief to certain findings of the trial court, he is deemed to have abandoned them under N.C.R. App. P. 28(b)(5)). The court's findings in this case are therefore conclusive on appeal. Thus, we must determine whether these findings support the trial court's conclusions of law.

[3] A court order for custody of a minor child "may be modified . . . at any time, upon motion in the cause and a showing of changed circumstances . . . " pursuant to N.C.G.S. § 50-13.7(a) (2001). Our Supreme Court has held that a custody order may not be modified until the movant establishes that a substantial change in circumstances exists which affects the welfare of the minor child. *Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998). The required change in circumstances need not have adverse effects on the child. *Id.* "The court need not wait for any adverse effects on the child to manifest themselves before the court can alter custody." *Evans v. Evans*, 138

N.C. App. 135, 140, 530 S.E.2d 576, 579 (2000). "It is neither necessary nor desirable to wait until the child is actually harmed to make a change in custody." *Id.* (citations omitted). Moreover, "a showing of a change in circumstances that is, or is likely to be, beneficial to the child may also warrant a change in custody." *Pulliam*, 348 N.C. at 620, 501 S.E.2d at 900.

Once the movant has shown a substantial change in circumstances affecting the welfare of the minor child, the trial court must determine whether a change in custody is in the best interest of the child. *Id.* at 619, 501 S.E.2d at 899. Our Supreme Court has previously held that "the welfare of the child has always been the polar star which guides the courts in awarding custody." *Id.* (citation omitted).

The trial court made the following pertinent findings of fact in support of its determination that substantial changed circumstances existed to modify the child custody order:

. . . .

20. Since the entry of the 1997 Custody Order, the Plaintiff met Mr. Davis Chung through a Christian Internet chat room in May of 1999.

. . . .

22. Since meeting in July of 1999, the Plaintiff and Mr. Chung have fallen in love, are engaged and plan to marry.

23. Mr. Chung was convicted in the state courts of the Commonwealth of Virginia in May of 1995 of Indecent Liberties With a Minor Child, was sentenced to 4 years in prison and was paroled after approximately 20 months.

24. The minor child, who was the victim of Mr. Chung's crime, was at the time a 14 year old female who was in Mr. Chung's charge as he was a teacher in the public schools of the Commonwealth of Virginia, also serving as a coach and a counselor at a girl's summer camp.

25. There is believable evidence before the Court that Mr. Chung has admitted to others that the 14 year old of whom he was convicted of molesting was not his only victim.

. . . .

28. The Court further finds that there has been no evidence that the minor child of the parties is under any danger of being sexually molested in the Father's home by either the Father or the Father's current wife.

29. The Court finds that the Plaintiff after learning of Mr. Davis Chung's past history refused to disclose Mr. Chung's history to the Defendant.

30. The Plaintiff was urged by her brothers, given the past history of sexual molestation in their family, to disclose Mr. Chung's past to the Defendant and the Plaintiff continued to refuse.

31. The Defendant only learned of Mr. Chung's past convictions of sexual molestation through the Plaintiff's brothers who made the disclosure to the Defendant.

32. The Court specifically finds that the minor child in question is by observation of the Court as well as by the stipulation by all the parties, an attractive young female who is 14 years of age and will be 15 years of age in 11 days, who has taken modeling classes and is an aspiring model.

33. The Court finds that Mr. Davis Chung, again forthrightly and candidly informs the Court that he continues to battle inappropriate urges toward post-pubescent teenage girls.

. . . .

35. The Court further finds as a fact that as Mr. Chung has again forthrightly testified, that should this Court leave custody in the mother's home, Mr. Chung will unavoidably at times be left unsupervised with the minor child.

36. The Court finds that Mr. Chung has already transported the juvenile unsupervised on at least two occasions in an automobile from a teen club in Moore County to her home, that these automobile rides took place some time between midnight and 12:30 a.m.

37. Since meeting Mr. Chung personally in July of 1999, Plaintiff has spent the night in Mr. Chung's home and Mr. Chung has spent the night in Plaintiff's home with the minor child present and that the parties acknowledge sleeping with one another.

38. The Court finds that the Plaintiff's plan in addition to marrying Mr. Chung is to move with the minor child to Mr. Chung's grandparents [sic] farm.

. . . .

47. The Court specifically finds as a fact that this Court cannot find that it is in the child's best interest to place the child in a home where the Mother's fiancée and potential husband with whom she sleeps in the same house on occasion and plans to marry is a person convicted of sexually molesting 14 year old females and the minor child under consideration is a 14 year old attractive female and where the Mother's fiancée forthrightly and candidly admits that he is still subject to inappropriate urges towards post pubescent female children and further where Mother's background is one of coming from a home of which her brothers were sexually abused and her mother was an enabler of the sexual abuse of the brothers and mother has refused to disclose Mr. Chung's background to the Defendant and that this matter only came to light through the efforts of the Plaintiff's brothers.

While this Court has held that remarriage or relocation alone are insufficient to justify a modification based on changed circumstances, *Kelly v. Kelly*, 77 N.C. App. 632, 335 S.E.2d 780 (1985), this case involves much more. Here, plaintiff had indicated her intention to marry an individual who has admitted and been convicted of molesting a 14 year old female. More importantly, plaintiff's fiancée admits to continued sexual urges for postpubescent females. The minor child in the case *sub judice* "is a 14 year old attractive female." The court found that the child has been left alone in the care of plaintiff's fiancée in the past and will likely be left under his supervision in the future. These findings support the trial court's conclusion that circumstances have changed since the 1997 order to justify a modification.

[4] Moreover, we conclude that the order sufficiently sets forth how this changed circumstance "affects the welfare of the minor child." The court concluded "that there is a direct threat that the child is subject to sexual molestation in this mother's home." The court is not required to wait for adverse effects to manifest themselves or harm to come to the minor before it can alter custody. Though plaintiff relies on *Brewer v. Brewer*, 139 N.C. App. 222, 533 S.E.2d 541 (2000) and *Browning v. Helff*, 136 N.C. App. 420, 524 S.E.2d 95 (2000), for the

proposition that the court must make specific findings as to any effect a change in circumstance has on the welfare of the child, we do not read *Brewer* or *Browning* to require that the court use specific language in its order. Rather, the order must demonstrate that the court has considered the effect on the child's welfare, which was clearly done here.

We hold that the trial court's findings support its conclusion, that a change of circumstances affecting the welfare of the child had occurred to justify modification of the order. Moreover, we hold that the court did not abuse its discretion in concluding that it was in the child's best interest to award custody to defendant.

Accordingly, the trial court's order is

Affirmed.

Judge GREENE dissents.

Judge HUDSON concurs.

GREENE, Judge, dissenting.

Because I believe plaintiff's appeal is interlocutory and therefore must be dismissed, I dissent.

A party may not immediately appeal an interlocutory order unless: (1) the trial court has entered a final order as to one or more but fewer than all of the claims or parties *and* has certified that there is no just reason to delay an appeal or (2) the " 'order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.' " *See Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citation omitted). In either situation, the burden is on the appellant to present an argument in her brief to this Court to support the acceptance of the appeal. *Id.*

In this case, the appeal is interlocutory as no final judgment exists on plaintiff's claims for alimony or equitable distribution. *See Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 262 (2001) (an equitable distribution order explicitly leaving open the issue of alimony is interlocutory). While the trial court's judgment constitutes a final adjudication of the custody issue, the trial court did not certify the order pursuant to Rule 54(b). Furthermore, plaintiff presents no

argument in her brief to this Court that the judgment affects a substantial right.[3] Accordingly, I would dismiss plaintiff's appeal as interlocutory. *See Embler*, 143 N.C. App. at 167, 545 S.E.2d at 263.

---

3. The majority has constructed an argument for plaintiff that the appeal affects a substantial right which would be jeopardized absent immediate appellate review. I disagree with that construct. There is no indication in the record to this Court that the child's well-being is in any danger while she is in defendant's custody. Indeed, the trial court specifically concluded there was no evidence "the child is under any threat of [sexual] molestation in [defendant's] home." Even so, this Court has specifically stated that a temporary custody order is interlocutory and "does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits." *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986). I see no reason to distinguish the interlocutory nature of temporary custody orders from the interlocutory nature of final custody determinations. While I acknowledge the importance of prompt appellate review of child custody orders, I also see the importance of prompt appellate review of temporary custody, alimony, and equitable distribution cases. Thus, absent some special facts, which do not exist in this case on this record, there can be no basis for differentiating between these domestic claims in the context of whether they affect a substantial right.

In the context of current law which labels an appeal as interlocutory if there are other claims asserted in the complaint that have not been resolved, a party seeking to assert multiple claims, i.e. equitable distribution and alimony, might better be served by not joining them into the same complaint. If this is done, resolution of a single claim would constitute a final order and be ripe for immediate appeal. If multiple claims are joined into one complaint and only one claim is fully and finally resolved, the trial court could be petitioned to issue a Rule 54(b) certification thus clearing the claim for immediate appellate review. Certification should be issued unless there is some "just reason" to delay the appeal. N.C.G.S. § 1A-1, Rule 54(b) (2001).