DAVID KEITH EVANS, Plaintiff v. ANGELA CARTER EVANS, Defendant

No. COA02-933

(Filed 17 June 2003)

**Appeal and Error— appealability—domestic order—change of custody—not the loss of a substantial right**

The allegation that a custody order changed the children's lives immediately was not sufficient to establish the loss of a substantial right and avoid dismissal of an appeal as interlocutory. The record contains no intimation that the children's health or safety is in jeopardy or that irreparable harm would be caused by delaying the appeal until the final resolution of the case.

Appeal by defendant from judgment entered 18 December 2001 by Judge Charles W. Wilkinson in Granville County District Court. Heard in the Court of Appeals 24 April 2003.

*Currin & Dutra, L.L.P., by Thomas L. Currin and Lori A. Dutra, for plaintiff-appellee.*

*The Sandlin Law Firm, by Deborah Sandlin and John Patrick McNeil, for defendant-appellant.*

LEVINSON, Judge.

Defendant (Angela Evans) appeals from an order entered 18 December 2001. We conclude that defendant's appeal is premature and should be dismissed.

The parties were married 11 February 1989, and separated in February, 2001. Two children were born of the marriage. On 13 February 2001, plaintiff (David Evans) filed a complaint for divorce from bed and board, child custody, writ of possession of the marital home, equitable distribution, and attorney's fees. Defendant filed a counterclaim on 20 February 2001, seeking divorce from bed and board, child custody, child support, alimony and post separation support, equitable distribution, possession of the marital home, dismissal of plaintiff's complaint, and attorney's fees. On 18 December 2001 the trial court entered an order awarding plaintiff a divorce from bed and board; denying defendant's motion for post-separation support; granting the parties joint legal custody of their minor children, with the children's primary residence to be with plaintiff; and ordering that defendant pay $379.80 per month child support. From this order defendant appeals.

An order "is either interlocutory or the final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54(a) (2001). A final judgment "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court[,]" while an interlocutory order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 354, 361-62, 57 S.E.2d 375, 381 (1950). In the present case, the trial court's order did not resolve the parties' respective claims for equitable distribution and for attorney's fees, and did not rule on defendant's claim for alimony. We conclude that the order from which defendant appeals was interlocutory.

In general, "there is no right to immediate appeal from an interlocutory order." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002); N.C.G.S. § 1A-1, Rule 54(b) (2001). "This rule is grounded

in sound policy considerations. Its goal is to 'prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard.' " *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261-62 (2001) (quoting *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)). However, there are two significant exceptions to this rule. First, an interlocutory order is immediately appealable "when the trial court enters 'a final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (quoting Rule 54(b)). Secondly, an interlocutory order may be immediately appealed if "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988); N.C.G.S. § 1-277(a) (2001); N.C.G.S. § 7A-27(d) (2001).

In the instant case, the trial court did not certify its order for immediate review. *See* Rule 5A(b). Therefore, we next consider whether "the challenged order affects a substantial right that may be lost without immediate review." *McConnell v. McConnell*, 151 N.C. App. 622, 624, 566 S.E.2d 801, 803 (2002). "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *Id.* at 625, 566 S.E.2d at 803 (citing *McCallum v. N.C. Coop. Extensive Serv.*, 142 N.C. App. 48, 542 S.E.2d 227, *disc. review denied*, 353 N.C. 452, 548 S.E.2d 527 (2001)). This Court has previously held that:

A substantial right is 'one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.' The right to immediate appeal is 'reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed.' Our courts have generally taken a restrictive view of the substantial right exception. The burden is on the appealing party to establish that a substantial right will be affected.

*Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (quoting *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780-81 (1983), and *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). Defendant cites *McConnell v. McConnell*, 151 N.C. App. 622,

STATE ex rel. UTILS. COMM'N v. BUCK ISLAND, INC.

[158 N.C. App. 536 (2003)]

566 S.E.2d 801 (2002), in support of her contention that an immediate appeal is proper. However, in *McConnell* this Court specifically concluded that immediate review was warranted because "the physical well being of the child [was] at issue[.]" *Id.* at 625, 566 S.E.2d at 804. Thus, *McConnell* does not support the proposition that all orders for child custody are immediately appealable. In the case *sub judice*, defendant alleges only that as a result of the court's custody order "the children's lives changed immediately[,]" a truism which would apply to many custody orders. Defendant has not argued that any substantial right will be lost without immediate appeal, and we discern none. The record contains no intimation that the children's health or safety is in jeopardy, or that irreparable harm will be caused by delaying the appeal until final resolution of the case.

"Where an appealing party has no right to appeal, an appellate court should on its own motion dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *State v. School*, 299 N.C. 351, 360, 261 S.E.2d 908, 914 (1980) (citing *Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978), *opinion certified on rehearing*, 299 N.C. 731, 265 S.E.2d 387 (1980)). We conclude that defendant has appealed from an interlocutory order, which does not affect a substantial right, and from which there is no right to immediate appeal. Accordingly, defendant's appeal is

Dismissed.

Judges McGEE and McCULLOUGH concur.