An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e     P r o c e d u r e .

NO. COA13-727
NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014


CASANDRA L. SPENCER,
    Plaintiff,

v.                                    Stokes County
                                      No. 12 CVD 57
DALLAS THOMAS SPENCER, JR.,
    Defendant.


Appeal by defendant from order entered 22 January 2013 by Judge Charles M. Neaves, Jr. in Stokes County District Court. Heard in the Court of Appeals 9 December 2013.


   *Bennett & West, by Michael R. Bennett, for plaintiff-appellee.*

   *Randolph and Fischer, by J. Clark Fischer, for defendant—appellant.*


   MARTIN, Chief Judge.


   Defendant Dallas Thomas Spencer, Jr. ("husband") appeals from an order that directs him to pay child support to plaintiff Casandra L. Spencer ("wife") in the amount of $1,200.00 per month.  For the reasons stated herein, we dismiss this appeal.

   In January 2012, wife filed a complaint against husband in

which she sought child custody, child support, post-separation support, alimony, equitable distribution, and attorney's fees. Husband answered and counterclaimed for equitable distribution, child custody, and attorney's fees. In March 2012, the court entered a temporary order in which it determined only the issues of child custody and child support. Husband moved to set aside or modify the temporary order, which motion was heard in late 2012. On 22 January 2013, the court entered an order in which it set forth the physical child custody schedule for husband and wife's three minor children, and reduced husband's monthly child support obligation from $1,461.00 to $1,200.00. Husband appeals.

_____

"Since the question [of] whether an appeal is interlocutory presents a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless [of] whether it is raised by the parties." *Akers v. City of Mt. Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006). "As a general rule, interlocutory orders are not immediately appealable." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009), *appeal after remand on other grounds*, __ N.C. App. __, __ S.E.2d __ (No. COA11-1420) (filed Dec. 18, 2012) (unpublished). Nevertheless, a party "is permitted to appeal

from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal," *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal quotation marks omitted), or "when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Id.* (internal quotation marks omitted). "The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978).

In the present case, wife asserted claims regarding child custody, child support, post-separation support, alimony, equitable distribution, and attorney's fees, and husband counterclaimed regarding issues of equitable distribution, child custody, and attorney's fees. However, the record reflects that the court finally determined only the issues of child custody and child support. Because there is no indication in the record that the issues of post-separation support, alimony, or equitable distribution have been finally determined or

dismissed, we conclude that husband's appeal is interlocutory. *See, e.g.*, *Evans v. Evans*, 158 N.C. App. 533, 534, 581 S.E.2d 464, 465 (2003) ("In the present case, the trial court's order [from which defendant appeals determined issues regarding post-separation support, child custody, and child support, but] did not resolve the parties' respective claims for equitable distribution and for attorney's fees, and did not rule on defendant's claim for alimony.  We conclude that the order from which defendant appeals was interlocutory."), *appeal after remand on other grounds*, 169 N.C. App. 358, 610 S.E.2d 264 (2005).

Nonetheless, we recognize that the General Assembly has recently "amend[ed] the laws pertaining to interlocutory appeals as related to family law," 2013 N.C. Sess. Laws 286, 286, ch. 411, including N.C.G.S. § 7A-27(b), which now provides that an appeal "lies of right directly to" this Court from any interlocutory order or judgment of a superior or district court in a civil action which determines a claim prosecuted under N.C.G.S. § 50-19.1.   *See* N.C. Gen. Stat. § 7A-27(b)(3)(e) (2013); *see also* N.C. Gen. Stat. § 50-19.1 (2013) ("Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and

board, child custody, child support, alimony, or equitable distribution if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action."). However, because the legislation that would permit husband to immediately appeal from the court's 22 January 2013 interlocutory order was not effective until eight months *after* the trial court entered the order from which husband now seeks to appeal, *see* 2013 N.C. Sess. Laws 286, 287, ch. 411, § 3, we dismiss husband's appeal.

Dismissed.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).