THOMAS CALVIN DUNLAP, SR. v. SYLVIA SHERRILL DUNLAP

No. 8519DC1227

(Filed 1 July 1986)

**Appeal and Error § 6.2— interlocutory orders—no right of appeal**

Orders providing for temporary child custody and requiring plaintiff to produce tax returns and other business records were not immediately appealable since they were interlocutory and did not affect a substantial right which would be lost if the orders were not reviewed before the final judgment.

APPEAL by plaintiff from *Warren, Judge*. Orders entered 22 May 1985 in District Court, ROWAN County. Heard in the Court of Appeals 6 May 1986.

Plaintiff instituted this action seeking an absolute divorce from defendant. He later amended the complaint to also seek custody of the minor children. Defendant filed an answer and counterclaim seeking to set aside a separation agreement executed on 3 June 1983 by the parties. On 22 May 1985, the court entered an order directing the primary custody of the minor children to remain with the defendant pursuant to the separation agreement pending further hearing of the matter in August 1985. On the same day the court also entered an order directing plaintiff to produce tax returns, business records, and other requested documents. From these orders of the trial court, plaintiff appeals.

*Sullivan & Pearson, by Mark E. Sullivan, for plaintiff appellant.*

*Grant & Hastings, by Randell F. Hastings, for defendant appellee.*

ARNOLD, Judge.

The orders from which defendant appeals are interlocutory. An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree. *Smart v. Smart*, 59 N.C. App. 533, 297 S.E. 2d 135 (1982). No appeal lies from an interlocutory order unless the order deprives the appellant of a substantial right which he would lose if the order is not reviewed before the final judgment. *Heavner v. Heavner*, 73 N.C. App. 331, 326 S.E. 2d 78, *disc. rev. denied,* 313 N.C. 601, 330 S.E. 2d 610 (1985).

The trial court's order as to child custody does not finally determine the issue involved, but only provides for temporary custody until an August hearing date for further proceedings preliminary to a final decree. We hold that the order is interlocutory and the temporary custody granted by the order does not affect any substantial right of plaintiff which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits. *See Smart*, 59 N.C. App. 533, 297 S.E. 2d 135. As to the order to produce the business records and other documents, it has been held that orders allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling were not reviewed before the final judgment. *Dworsky v. Insurance Co.*, 49

N.C. App. 446, 271 S.E. 2d 522 (1980). Plaintiff's appeal from these two orders by the trial court are therefore premature and must be dismissed.

Appeal dismissed.

Judges WELLS and BECTON concur.