DOUGLAS SCOTT FILE, PLAINTIFF v. PATRICIA ANN FILE, DEFENDANT

No. COA08-797

(Filed 3 March 2009)

**1. Child Support, Custody, and Visitation— custody—criminal contempt—findings sufficient**

Contested findings concerning the issue of criminal contempt in a child custody case were not reviewed where the established findings supported the conclusion that defendant was in contempt in denying plaintiff visitation.

**2. Child Support, Custody, and Visitation— custody—order to be reviewed in five months—temporary—interlocutory**

A child custody order was temporary, and thus interlocutory, where it scheduled a review in approximately five months. The order thus stated a clear and specific time for reconvening which was reasonably brief.

**3. Appeal and Error— appealability—temporary child custody order—parent's driving—no danger to child**

An interlocutory temporary child custody order was not shown to adversely affect a substantial right and was not immediately appealable. Although defendant argued that the child was endangered by plaintiff's driving, the trial court found that his driving did not endanger the child, based on substantial evidence from plaintiff's physicians.

Appeal by defendant from order entered 28 December 2007 by Judge R. Marshall Bickett, Jr. in District Court, Rowan County. Heard in the Court of Appeals 4 December 2008.

*Milton Bays Shoaf, for plaintiff-appellee.*

*Sherrill and Cameron, P.L.L.C., by William W. Cameron, III, for defendant-appellant.*

STROUD, Judge.

Defendant appeals trial court order (1) finding her to be in willful contempt of the court and (2) granting plaintiff primary custody of plaintiff and defendant's minor child. For the following reasons, we affirm the order on the issue of defendant's contempt and dismiss defendant's appeal as to the issue of custody, as the appeal is interlocutory.

## I. Background

On or about 26 February 2003, the trial court entered a custody order finding defendant to be in "willful contempt" and ordering plaintiff and defendant "to share joint custody of the minor child . . . with the primary residence of the minor child remaining with the defendant." On 7 June 2007, plaintiff filed a motion in the cause requesting defendant be held in contempt and that primary custody of the minor child be granted to plaintiff ("plaintiff's motion"). This same date defendant was ordered to show cause why she should not be held in contempt. On 24 July 2007, defendant filed a motion to dismiss plaintiff's motion or to transfer plaintiff's motion to Ohio and to strike certain documents. On 28 December 2007, the trial court entered an order regarding plaintiff's motion. The uncontested findings of fact in the trial court order are as follows in pertinent part:

10. Plaintiff and defendant were lawfully married on February 10, 1998, in Kent, Ohio, and separated on November 7, 1999, and were subsequently divorced.

11. The parties are the parents of one (1) minor child, namely; Katlyn Elizabeth File, born February 16, 1999.

. . . .

24. The February 26, 2003 order retained the joint custody arrangement, with the primary residence being with the defendant. Plaintiff's time with the minor child was expanded, stating that plaintiff shall have the minor child for summer vacation beginning two days after public school ends until two days before school begins. Further, during the school year while defendant has custody of the minor child, plaintiff is allowed weekend visitation with the minor child in the location where the child is staying on a twenty days written notice, once every thirty days.

25. Plaintiff mailed a certified letter to defendant notifying her that he would be in Ohio for a weekend visit on April 20, 2007. Defendant told plaintiff that she would not allow visitation that weekend because it had not been 30 days since his last visit.

26. Plaintiff mailed another certified letter on April 24, 2007, (Plaintiff's Ex. 8) stating that he would be coming to Ohio for a weekend visit on May 25, 2007; that he would pick her up from school on Friday and return her on Sunday, May 27, 2007.

Tracking from the USPS shows that the letter was postmarked on April 25, 2007. Notice was left at the Kent Ohio postal address on April 27, 2007, Defendant did not pick up the letter until May 17, 2007, as shown by the certified receipt. Despite having signed the return receipt, defendant told plaintiff that she had never received the letter and told him that they would not be available for a visit that weekend. She actually had the letter and did not notify plaintiff of the late receipt thereof.

27. Plaintiff traveled to Ohio on Thursday, May 24, 2007 to visit the minor child. The child was not in school on that day. He stayed overnight and the child was not in school on Friday, May 25, 2007. He attempted to call defendant several times to find the child to initiate his weekend visitation. Plaintiff contacted his attorney in Ohio, who called the attorney for defendant. The defendant's mother then called plaintiff and told him he would not get the child that she and the child were in Chicago. The defendant called plaintiff shortly after his conversation with her mother and told him that the child was with her mother in Ohio. Plaintiff was never able to locate defendant or the child.

27. [sic]. Defendant testified that the reason she denied plaintiff his visitation is because she believes that his health makes it dangerous for him to drive with the minor child in the car. Plaintiff received a letter from defendant dated August 29, 2007, stating in part: "I want you to provide me with a current letter from your doctor on your ability to drive. I will want a current letter every time you visit from now on." (P Ex. 1) Plaintiff has sent several statements from his physicians stating that although he has had a brain tumor and has had surgeries for it, he is "clinically and radiologically stable . . . [and is] able to drive." (P Ex. 4) Other letters were introduced making the same general statement that plaintiff is perfectly capable of safely driving an automobile (P Ex. 2, 3 and 5) Defendant further testified that despite these letters, she believes that plaintiff poses a danger to the child, that he has a "terminal condition" and that she is opposed to plaintiff transporting the child at any time.

. . . .

29. On February 22, 2007, defendant filed a petition seeking temporary emergency custody of the minor child in the Court of Common Pleas, Domestic Relations Division, Portage County, Ohio. She alleged that the minor child was at risk when travelling

[sic] with her father due to his brain tumor. Plaintiff was served by certified mail on February 27, 2007. Plaintiff retained an attorney in Ohio. On April 19, 2007, the Ohio court appointed a guardian *ad litem*. Due to a conflict of interest, the initial guardian withdrew and a subsequent guardian was appointed on June 4, 2007. After the guardian received a letter from Dr. James Vrendengurgh of the Duke University Brain Tumor Center (P Ex. 4), the guardian *ad litem* wrote a letter to both attorneys, which appears of record in the Ohio court, stating that the "strong statement as to Mr. File's health and ability to safely drive and care for his daughter" resolved the issue. On June 8, 2007, the Ohio court vacated the order of June 4, 2007. No further proceedings are pending in Ohio. As stated above, the undersigned judge has spoken with Judge Jerry L. Hayes by telephone, and he confirmed that the action in Ohio was for emergency relief only and Ohio did not intend to seek jurisdiction.

. . . .

31. Because plaintiff has experienced this serious medical condition, it is important to him to maximize his time with his daughter, and defendant has continuously made it difficult to impossible for him to spend time with his child.

Based on these and other findings the trial court found defendant to be in willful contempt and granted primary custody of the minor child to plaintiff. In the order, the trial court also scheduled the case for review in May of 2008. Defendant appeals contesting several findings of fact, conclusions of law, and the entire substance of the trial court's decretal provision; however, all of defendant's contentions center around two decisions of the trial court: (1) concluding defendant was in willful contempt and (2) awarding primary custody of the minor child to plaintiff. For the following reasons, we affirm in part and dismiss in part.

## II. Willful Contempt

At the outset we note that contempt in this jurisdiction may be of two kinds, civil or criminal, although we have stated that the demarcation between the two may be hazy at best. Criminal contempt is generally applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. Civil contempt is a term applied where the proceeding is had to preserve the rights of private par-

ties and to compel obedience to orders and decrees made for the benefit of such parties.

> A major factor in determining whether contempt is civil or criminal is the purpose for which the power is exercised. Where the punishment is to preserve the court's authority and to punish disobedience of its orders, it is criminal contempt. Where the purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil. The importance in distinguishing between criminal and civil contempt lies in the difference in procedure, punishment, and right of review.

*O'Briant v. O'Briant*, 313 N.C. 432, 434, 329 S.E.2d 370, 372 (1985) (citations omitted). Criminal contempt includes "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution." N.C. Gen. Stat. § 5A-11(a)(3) (2007). It appears from the record that defendant was determined to be in criminal contempt as the court order reads, "Defendant is in willful contempt of this court for her repeated conduct of refusing to allow plaintiff visitation with the minor child, *in callous disregard for the Court and its orders*[.]" (Emphasis added). *See* N.C. Gen. Stat. § 5A-11(a)(3); *O'Briant* at 434, 329 S.E.2d at 372.

**[1]** Defendant assigns error to findings and conclusions which (1) nullify her alleged reasoning for denying plaintiff visitation to the minor child, that she was fearful plaintiff was a danger while he was driving due to a brain tumor, and (2) establish that defendant not only had no justifiable excuse, but purposely ignored the court's previous directives.

> A contempt hearing is a non-jury proceeding. The standard of appellate review for a decision rendered in a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary. The trial court's conclusions of law drawn from the findings of fact are reviewable *de novo*.

*State v. Simon*, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855 (citations and quotation marks omitted), *disc. review denied*, 361 N.C. 702, 653 S.E.2d 158 (2007).

Without even considering defendant's contested findings of fact, other uncontested findings establish that defendant acted in willful

contempt by interfering with a court order and the proper execution thereof. *See* N.C. Gen. Stat. § 5A-11(a)(3); *Pascoe v. Pascoe*, 183 N.C. App. 648, 650, 645 S.E.2d 156, 157 (2007) (citation and quotation marks omitted). ("Findings of fact to which no error is assigned are presumed to be supported by competent evidence and are binding on appeal."). These uncontested findings include: (1) defendant claiming to have not received plaintiff's letter informing her of his visit, though defendant had indeed received the letter; (2) defendant hiding the minor child away when plaintiff actually came to visit; (3) plaintiff's several statements sent to defendant from doctors stating that he was capable of driving and not a danger due to his brain tumor; and (4) the guardian *ad litem's* review of plaintiff's letter from the Duke University Brain Tumor Center establishing that plaintiff was not a danger while driving. These four established findings alone support the conclusion that defendant was in contempt of court by denying plaintiff visitation with the minor child. *See* N.C. Gen. Stat. § 5A-11(a)(3); *Pascoe* at 650, 645 S.E.2d at 157. Accordingly, we need not review the contested findings dealing with the issue of contempt, as the established findings support a conclusion of contempt.

## III. Custody

**[2]** Defendant next assigns error to several findings and conclusions which resulted in the trial court awarding primary custody of the minor child to plaintiff. Though not raised by either party, we conclude that the order is actually an order for temporary custody and is therefore interlocutory.

"An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree." *Brewer v. Brewer*, 139 N.C. App. 222, 227, 533 S.E.2d 541, 546 (2000) (citation and quotation marks omitted). Though the trial court did not specifically designate this order as "temporary" or "permanent," "the trial court's designation of an order as 'temporary' or 'permanent' is not binding on an appellate court. Instead, whether an order is temporary or permanent in nature is a question of law, reviewed on appeal *de novo*." *Smith v. Barbour*, 195 N.C. App. ——, ——, —— S.E.2d ——, —— (2009) (3 February 2009) (No. COA07-1083) (citations omitted).

A permanent custody order establishes a party's present right to custody of a child and that party's right to retain custody indefinitely. . . .

   In contrast, temporary custody orders establish a party's right to custody of a child pending the resolution of a claim for permanent custody—that is, pending the issuance of a permanent custody order.

*Regan v. Smith,* 131 N.C. App. 851, 852-53, 509 S.E.2d 452, 454 (1998) (citations omitted).

   "[A]n order is temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues.") *Senner v. Senner,* 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003). As the order was not entered without prejudice to either party, we will analyze this order pursuant to the second test. *See id.* Here, the order does state "a clear and specific reconvening time" of May 2008, approximately five months after entry of the order. *Id.* Thus, the only question is if the time interval between the two hearings would be considered "reasonably brief." *Id.* "[T]he reasonableness of the time must be addressed on a case-by-case basis[.]" *Id.* (citation and quotation marks omitted). This Court has concluded that over twelve months is not a "reasonably brief" time for reconvening. *Id., see LaValley v. LaValley,* 151 N.C. App. 290, 293, n.6, 564 S.E.2d 913, 915, n.6 (2002); *Brewer* at 228, 533 S.E.2d at 546. However, in *Senner,* this Court concluded that twenty months was a "reasonably brief" time for reconvening. *Senner* at 81, 587 S.E.2d at 677. In *Dunlap v. Dunlap,* this Court determined that a two to three month reconvening time meant that the custody order issued was temporary. *Dunlap v. Dunlap,* 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied,* 318 N.C. 505, 349 S.E.2d 859 (1986). We deem approximately five months to be a "reasonably brief" time for a reconvening hearing. *Senner* at 81, 587 S.E.2d at 677. As the trial court order "states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief[,]" *id.,* we conclude the order was temporary and thus interlocutory.

[3] However, even a temporary custody order may be appealed immediately if the order affects a substantial right. *See* N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2007); *Dunlap* at 676, 344 S.E.2d at 807.

   The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed.

*Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (citations omitted). "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and quotation marks omitted).

We note that defendant did not address the issue of whether the order is immediately appealable, nor the issue of a loss of or adverse affect upon a substantial right, in her brief. In *McConnell v. McConnell*, this Court found an interlocutory custody order to be immediately reviewable on the basis of an adverse affect upon a substantial right because the physical well being of the child may have been endangered by a delay of the appeal. 151 N.C. App. 622, 625, 566 S.E.2d 801, 804 (2002). This Court stated that

> the order in this case involves the removal of the child from a home where the court specifically concluded that there is a direct threat that the child is subject to sexual molestation if left in the mother's home. Where as here, the physical well being of the child is at issue, we conclude that a substantial right is affected that would be lost or prejudiced unless immediate appeal is allowed.

*See id.* However, in the present case, although defendant argued that the child was endangered by plaintiff's driving, the trial court found that his driving did not endanger the child, based upon substantial evidence from plaintiff's physicians. We therefore find no indication of impairment of a substantial right by a delay in review.

The general rule which has been stated by this Court is that temporary custody orders are interlocutory "and the temporary custody granted by the order does not affect any substantial right of plaintiff which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits." *Dunlap* at 676, 344 S.E.2d at 807 (citation omitted). As defendant has not demonstrated that the order adversely affected a substantial right which cannot be protected by a timely appeal of the "trial court's ultimate disposition of the entire controversy on the merits[,]" *id.*, this interlocutory appeal as to custody should be dismissed.

### IV. Conclusion

In conclusion, we affirm the portion of the trial court order determining defendant to be in willful contempt of the court and sentenc-

ing defendant to 30 months of unsupervised probation. We dismiss the portion of plaintiff's appeal as to custody.

AFFIRMED IN PART and DISMISSED IN PART.

Judges CALABRIA and STEELMAN concur.