RICARDO L. WATTS, Plaintiff
v.
ERIKA WINFORD, Defendant
No. COA08-1343
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for Publication
No brief filed for Plaintiff-Appellee.
McGuirewoods, LLP, by Austin F. Breen, for Defendant-Appellant.
BEASLEY, Judge.
This appeal arises from a child custody dispute between Plaintiff (Ricardo Watts) and Defendant (Erika Winford). Defendant appeals from a "temporary oral order" entered in 2007 and from an order entered on 1 May 2008. We dismiss Defendant's appeal.
Plaintiff and Defendant are the unmarried parents of a son born in February 1994 (the child). In 2004 Plaintiff, who was then living in Maryland, filed a complaint seeking joint custody of the child. In 2006 Plaintiff and Defendant both lived in Mecklenburg County. In November 2006 the trial court entered a consent order that placed primary physical custody of the child with Defendant and secondary physical custody with Plaintiff. The order also appointed a parent coordinator to assist the parties, and directed that the child start seeing a pediatrician and a therapist in Charlotte, North Carolina. At a hearing on 21 August 2007 Defendant testified that she had moved to Salisbury in Rowan County, North Carolina, and requested permission to transfer the child to Rowan County schools. The trial court denied this request, and ordered that the child remain enrolled in the Charlotte-Mecklenburg school system, in the same school that he had been attending. The Record on Appeal does not include a written order.
On 1 May 2008 the parties were again before the trial court. The apparent basis of this hearing was a motion filed by Plaintiff, seeking emergency custody of the child. We infer from testimony elicited at the hearing that Plaintiff's motion may have asserted that Defendant had removed the child from the Charlotte-Mecklenburg school system, enrolled him in a Rowan County school, and then withdrew the child from that school to keep him at home. However, Defendant did not include Plaintiff's motion in the Record on Appeal.
Following the hearing the trial court on 1 May 2008 entered an order transferring primary physical custody of the child to Plaintiff. This order consisted of the court's completion of selected blanks in a pre-printed form titled "Temporary Parenting Arrangement Order." Defendant has appealed from this order, and from the order rendered in open court on 21 August 2007.

Grounds for Appellate Review
The threshold question is whether Defendant's appeals are properly before this Court.
We conclude that Defendant has no right of appeal from the trial court's orally rendered order of 21 August 2007. Firstly, there is no evidence in the record that a written order was ever entered. "[W]ithout an entry of judgment, appeal is not an alternative remedy." In re T.H.T., 362 N.C. 446, 455, 665 S.E.2d 54, 60 (2008) (citation omitted). See also Abels v. Renfro Corp., 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (1997) ("This Court is without authority to entertain appeal of a case which lacks entry of judgment."). Secondly, even if the order were subject to appellate review, under N.C.R. App. P. 3(c)(1), the notice of appeal must be filed and served within thirty days after entry of judgment. In the present case, Defendant filed her notice of appeal more than a year after the hearing from which she appeals. We conclude that Defendant's appeal from the trial court's orally rendered order of 21 August 2007 must be dismissed.
We next consider Defendant's appeal from the order entered 1 May 2008. Preliminarily, we must determine if the order was interlocutory:
Judgments and orders . . . are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders. A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. American Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "However, interlocutory orders are immediately appealable if they: `(1) affect a substantial right and (2) [will] work injury if not corrected before final judgment.'" Harris v. Matthews, 361 N.C. 265, 269, 643 S.E.2d 566, 569 (2007) (quoting Goldston, 326 N.C. at 728, 392 S.E.2d at 737). Furthermore:
It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).
"The general rule which has been stated by this Court is that temporary custody orders are interlocutory `and the temporary custody granted by the order does not affect any substantial right of plaintiff which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits.'" File v. File, ___ N.C. App. ___, ___, 673 S.E.2d 405, 410 (2009) (quoting Dunlap v. Dunlap, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986) (citation omitted)).
"[T]he trial court's designation of an order as `temporary' or `permanent' is not binding on an appellate court. Instead, whether an order is temporary or permanent in nature is a question of law, reviewed on appeal de novo." Smith v. Barbour, ___ N.C. App. ___, ___, 671 S.E.2d 578, 582 (2009) (citation omitted). "[A]n order is temporary if either (1) it is entered without prejudice to either party[;] (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues." Senner v. Senner, 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003).
In the instant case, Defendant asserts that the trial court's order of 1 May 2008 is subject to immediate appeal as a permanent order for child custody, on the sole basis that the order "set no specific reconvening time." We disagree.
Defendant asked during the hearing whether the trial court was changing custody of the child, and the trial court stated repeatedly that its order was not a permanent change but was "just temporary to get him through school" and that the parties would review the child's custody "sometime this summer." The hearing was conducted on 1 May 2008, and the transcript indicates that the Charlotte-Mecklenburg school system school year would end no later than mid-June 2008. The order states that the child's custody was "to be reviewed this summer."
This Court previously has held that custody orders that stated a similar time for reconvening were temporary orders. See, e.g., File, ___ N.C. App. at ___, 673 S.E.2d at 410 (holding that custody order "does state `a clear and specific reconvening time' of May 2008, approximately five months after entry of the order[]"); Smith v. Barbour, ___ N.C. App. ___, 671 S.E.2d 578 (2009) (hearing conducted 20 April, to reconvene no later than July 15); Brewer v. Brewer, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000) ("The present order does set a specific reconvening date, the summer of 2000.").
Defendant makes no attempt to distinguish cases such as those cited above, and does not argue that the reconvening interval was too long. Nor does she assert that a substantial right is at issue. Moreover, the order was entered over a year ago, but the record contains no information on subsequent proceedings in the case. Defendant has failed to inform this Court whether the child's custody was reviewed during the summer of 2008 as directed in the order, or at some other time.
We conclude that Defendant failed to establish a right to immediate appeal from the trial court's order, and that her appeal must be
Dismissed.
Judges McGEE and HUNTER, Robert C. concur.
Report per Rule 30(e).