IN THE MATTER OF: N.T.S.

No. COA10-1154

(Filed 1 March 2011)

**Appeal and Error— interlocutory orders and appeals—temporary child custody order—no substantial right**

The guardian *ad litem's* appeal from interlocutory orders was dismissed. Although the appeal arose from consolidated actions including a juvenile petition for neglect and dependency under Chapter 7B and a child custody action under Chapter 50, the 7 July 2010 order was best characterized as a temporary child custody order under Chapter 50. The four-month time period was reasonably brief, and thus, the order did not affect a substantial right.

Appeal by Respondent-mother from order entered 25 March 2009 by Thomas V. Aldridge, Jr., and order entered 7 July 2010 by Judge William F. Fairley in Columbus County District Court. Heard in the Court of Appeals 2 February 2011.

*Terri Martin for Petitioner Columbus County Department of Social Services.*

*Pamela Newell, GAL Appellate Counsel, North Carolina Administrative Office of the Courts, for guardian ad litem.*

*Richard Croutharmel for Respondent-mother.*

*No brief for Respondent-father.*

STEPHENS, Judge.

*I. Procedural and Factual Background*

N.T.S.[1] was born to Respondent-mother T.S. and her husband, Respondent-father L.S., on 3 January 2005. Respondent-parents sepa-

---

1. Initials have been used throughout to protect the identity of the juvenile.

rated on or about 10 May 2007, and N.T.S. resided with Respondent-mother.

### A. Chapter 50 Custody Action

On 1 August 2007, Respondent-father filed a complaint pursuant to Chapter 50 of the North Carolina General Statutes in Columbus County District Court (07 CVD 1232) seeking custody, visitation and support.[2] On 7 May 2008, the district court awarded joint custody of N.T.S. to Respondent-parents. On 14 August 2008, the Columbus County Department of Social Services ("CCDSS") moved to intervene, asserting that there existed an action between Respondent-father and CCDSS, that CCDSS was the current custodian of N.T.S., and that CCDSS was entitled to intervene as a matter of law to seek child support. The district court entered an order allowing the motion and requiring that Respondent-father pay child support to North Carolina Child Support Centralized Collections for appropriate disbursement.

### B. Chapter 7B Juvenile Action

On 24 April 2008, CCDSS filed a juvenile petition pursuant to Chapter 7B of the North Carolina General Statutes (08 JA 41) alleging that N.T.S. was neglected and dependent.[3] Nonsecure custody of N.T.S. was awarded to CCDSS on the same date. On 16 June 2008, the juvenile court conducted adjudication and disposition hearings. Orders adjudicating N.T.S. as a neglected and dependent juvenile and ordering that she remain in the legal and physical custody of CCDSS were entered 7 October 2008.

On 14 October 2008, Respondent-mother filed a Rule 60 motion, seeking to have the adjudication and disposition orders set aside on the ground that they were entered some 112 days after the hearing, which she alleged was prejudicial to her. On the same date, the juvenile court vacated the adjudication and disposition orders because they had not been entered in a timely fashion after the hearing. On 22 October 2008, CCDSS filed a second juvenile petition under the same file number, adding an allegation that N.T.S. was an abused juvenile.

---

2. Chapter 50, entitled "Divorce and Alimony," governs, *inter alia*, disputes between parents regarding the custody of their minor children, as well as related matters of visitation and support. Specifically, it provides that parents "claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child[.]" N.C. Gen. Stat. § 50-13.1(a) (2009).

3. Chapter 7B is our State's Juvenile Code, and Subchapter I governs actions related to abused, neglected and dependent juveniles.

### C. Consolidation of Actions

On 14 January 2009, Respondent-father moved to consolidate his custody, visitation and support action (07 CVD 1232) with the juvenile petition proceedings (08 JA 41); on 12 February 2009, the juvenile court granted the motion and consolidated the actions. *See* N.C. Gen. Stat. § 7B-200(d) (2009) (providing that "the court in a juvenile proceeding may order that any civil action or claim for custody filed in the district be consolidated with the juvenile proceeding"). On 25 March 2009, the juvenile court entered a consent order of adjudication in which it adjudicated N.T.S. a neglected and dependent juvenile. The juvenile court decreed that N.T.S. remain in the custody of CCDSS and ordered the parties back into court on 1 April 2009 for a disposition hearing.

After numerous disposition hearings between 7 July 2009 and 3 June 2010, on 7 July 2010, the juvenile court filed an order, entitled "Temporary Order," awarding legal custody of N.T.S. to Respondent-father and supervised visitation to Respondent-mother. The juvenile court also ordered Respondent-parents to complete a program called "Strengthening Families." The juvenile court found it necessary to enter a temporary order "to achieve certain counseling for the parties and the child and to assess the value of the 'Strengthening Families' program offered by CAPP [the Child Advocacy and Parenting Place]." The juvenile court further decreed that it would review the terms of the temporary order "at its first term of Juvenile [C]ourt for Columbus County at which abuse and neglect and dependency cases are heard occurring after the expiration of 120 days from the date that this Order is filed."

On 16 July 2010, Respondent-mother, *pro se*, filed notice of appeal from the 25 March 2009 adjudication order in the juvenile case and from the 7 July 2010 "Temporary Order" changing legal custody from CCDSS to Respondent-father. In her brief, Respondent-mother makes two arguments: that the trial court (I) erred in failing to properly determine whether she had waived counsel with regard to the June 2010 dispositional hearing, and (II) abused its discretion and exceeded its authority under N.C. Gen. Stat. § 7B-904 by ordering that her visits with N.T.S. be supervised. As discussed below, we conclude that this appeal is from an interlocutory order and, accordingly, dismiss.

### II. Interlocutory Appeal

The guardian *ad litem* has filed a motion to dismiss this appeal on the ground the adjudication and temporary orders are interlocutory,

and thus not immediately appealable, because no final order of disposition has been entered. The right to appeal in a juvenile action is governed by N.C. Gen. Stat. § 7B-1001, which provides, in pertinent part:

(a) In a juvenile matter under this Subchapter, appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed:

(1) Any order finding absence of jurisdiction.

(2) Any order, including the involuntary dismissal of a petition, which in effect determines the action and prevents a judgment from which appeal might be taken.

(3) Any initial order of disposition and the adjudication order upon which it is based.

*(4) Any order, other than a nonsecure custody order, that changes legal custody of a juvenile.*

(5) An order entered under G.S. 7B-507(c) with rights to appeal properly preserved as provided in that subsection.

. . .

(6) Any order that terminates parental rights or denies a petition or motion to terminate parental rights.

N.C. Gen. Stat. § 7B-1001(a) (2009) (emphasis added). Thus, for an order in a juvenile case under Chapter 7B to be appealable, it must (1) be a final order, or (2) fall within one of the six matters listed above. *See In re A.T.*, 191 N.C. App. 372, 374, 662 S.E.2d 917, 918-19 (2008). Respondent-mother's notice of appeal lists both the 25 March 2009 consent adjudication order and the 7 July 2010 temporary order. The adjudication order does not fall within one of the matters from which an immediate appeal is permitted under the terms of section 7B-1001(a). However, the 7 July 2010 temporary order changed legal custody of N.T.S. from CCDSS to Respondent-father, making it immediately appealable under subsection (a)(4). *See In re J.V.*, 198 N.C. App. 108, 111, 679 S.E.2d 843, 844-45 (2009). Both of the issues Respondent-mother brings forward in her brief to this Court actually arise from the 7 July 2010 temporary order. Thus, Respondent-mother's appeal is not barred by section 7B-1001(a), and we must deny the guardian *ad litem's* motion.

Nonetheless, the 7 July 2010 order was both explicitly and in substance a temporary order, the terms of which were to be reviewed at the first term of juvenile court in Columbus County "at which abuse and neglect and dependency cases are heard occurring after the expiration of 120 days" following its filing. The temporary order was entered on 7 July 2010, and thus, by its own terms, a subsequent review was set for October 2010. Respondent-mother contends that, despite its label, the order is actually a disposition order pursuant to N.C. Gen. Stat. § 7B-808 and -905. Such an order would be immediately appealable under N.C. Gen. Stat. § 7B-1001(a)(3). However, our review indicates that the 7 July 2010 temporary order is a temporary custody order under Chapter 50, and thus, not immediately appealable.

As discussed above, this appeal arises from consolidated actions: a juvenile petition for neglect and dependency under Chapter 7B and a child custody action under Chapter 50. The 7 July 2010 order makes reference to the dual nature of the consolidated matter. For example, the order refers to consideration of the criteria set out in N.C. Gen. Stat. § 7B-906, which governs review of custody orders in abuse, neglect and dependency cases, and contains findings concerning the criteria "which the Court deems relevant." However, the order goes on to conclude: "That there has been a substantial change in material circumstances affecting the welfare of the minor child and that such justifies a change in prior custody Orders of the District Court[.]" This language tracks that used in modifying custody orders between parents under Chapter 50. *Pulliam v. Smith*, 348 N.C. 616, 618-19, 501 S.E.2d 898, 899 (1998) (holding that a district court may order modification of an existing child custody order between two biological parents if the moving party shows a " 'substantial change of circumstances affecting the welfare of the child' " which warrants a change in custody) (quoting *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974)); *see also* N.C. Gen. Stat. § 50-13.7(a) (2009) (stating that custody orders "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party"). Thus, we conclude that the 7 July 2010 order is best characterized as a temporary child custody order under Chapter 50, rather than a disposition order under Chapter 7B.

As this Court has held:

Normally, a temporary child custody order is interlocutory and does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition . . . on

**IN RE N.T.S.**

[209 N.C. App. 731 (2011)]

the merits. Temporary custody orders resolve the issue of a party's right to custody pending the resolution of a claim for permanent custody.

*Brewer v. Brewer*, 139 N.C. App. 222, 227-28, 533 S.E.2d 541, 546 (2000) (internal citations and quotation marks omitted). An appeal from such an order is proper only if the trial court fails to "(1) state[] a clear and specific reconvening time in the order; and (2) the time interval between the two hearings [is not] reasonably brief." *Id.* at 228, 533 S.E.2d at 546 (citation omitted). Although we have not established a bright-line definition of "reasonably brief," we have held that intervals of approximately three and five months were reasonably brief and, thus, have dismissed appeals from temporary orders providing a rehearing within such time periods. *See File v. File*, 195 N.C. App. 562, 568, 673 S.E.2d 405, 410 (2009) ("We deem approximately five months to be a 'reasonably brief' time for a reconvening hearing."); *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (holding that, where a temporary custody order specifies a review within three months, "the order does not affect any substantial right of [an appellant] which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits."), *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986). In contrast, we have held that "a year is too long a period to be considered as 'reasonably brief,' in a case where there are no unresolved issues." *Brewer*, 139 N.C. App. at 228, 533 S.E.2d at 546; *but see Senner v. Senner*, 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003) (holding a twenty-month period reasonably brief, where "the record shows evidence that during that period of time, the parties were negotiating a new arrangement").

The temporary order here was set for review after approximately four months, a time period more similar to that in *Dunlap* and *File*. We conclude that the four-month interval here was reasonably brief and that, as a result, the 7 July 2010 order was a temporary child custody order which is interlocutory and does not affect any substantial right. Accordingly, Respondent-mother's interlocutory appeal is dismissed.

Dismissed.

Judges STEELMAN and GEER concur.