GARY v. BRIGHT

[231 N.C. App. 207 (2013)]

ROBERT L. GARY, Plaintiff
v.
CRYSTAL D. BRIGHT, Defendant

No. COA13-687

Filed 3 December 2013

**Child Custody and Support—modification—temporary custody— no finding of substantial change in circumstances**

The trial court erred by finding and concluding that the 15 July 2012 child custody order was temporary in nature and by entering the 13 February 2013 child custody order absent finding a substantial change in circumstances to warrant modification of the prior custody order.

Appeal by defendant from order entered 13 February 2013 by Judge David K. Fox in Rutherford County District Court. Heard in the Court of Appeals 6 November 2013.

*No appellee brief filed.*

*King Law Offices, PLLC, by Brian W. King and Matthew D. Leach, for defendant.*

McCULLOUGH, Judge.

Defendant appeals from the entry of a new custody order, finding the prior custody order as temporary in nature and applying a best-interests analysis to warrant modification. Based on the reasoning set forth below, we vacate the new custody order and remand for a new hearing.

I. Background

Plaintiff Robert Louis Gary and defendant Crystal Dawn Bright are not married. The parties are the parents of one minor child born on 13 February 2007.

On 26 May 2010, the trial court entered a child custody order giving defendant custody of the minor child, subject to the visitation of plaintiff. The 26 May 2010 order also gave plaintiff visitation with the minor child, subject to the condition that the visitations not violate a November 2009 Domestic Violence Protection Order ("DVPO") which

the parties consented to and subject to a visitation schedule consisting of four phases.

The 26 May 2010 order was modified by an order entered 28 March 2011 titled "Custody Modification Order and Order of Contempt and Attorney's Fees Against the Plaintiff." The trial court ordered *inter alia* plaintiff to pay defendant's attorney the sum of $5,558.75 to defray legal expenses, held plaintiff to be in willful civil contempt of the 26 May 2010 order, and modified portions of plaintiff's visitation schedule.

On 15 June 2012, the trial court entered a "Judgment & Order to Modify Child Custody Order & Contempt." The trial court found that since the filing of the 26 May 2010 and 28 March 2011 orders, there had been a "substantial change of circumstances that impacts the welfare of the child which justifies a modification in the Order." The trial court found, in pertinent part, that plaintiff had violated the DVPO, failed to enroll in parenting classes as previously ordered, and failed to pay child support and was in arrears in excess of $1,300.00, etc. The trial court also found that

> [t]his change of circumstances warrants a modification of the Order so that the care, custody and control of the minor children should be vested primarily in Defendant and the Plaintiff's visitations be curtailed until such time he complies with the spirit and letter of the previous orders in this case.

Accordingly, the trial concluded that this order was in the best interest of the parties' minor child and ordered that the previous child custody orders remain in effect and modified as follows:

> a. The Plaintiff's every other weekend visitation is hereby modified to being from 8:00 a.m. until 8:00 p.m. every other Saturday and Sunday.
>
> b. The Plaintiff's weekend and holiday visitation is hereby suspended (save [sic] as every other weekend above). The [plaintiff] shall have from 2:00 p.m. to 4:00 p.m. on Father's Day, and from 12:00 p.m. to 4:00 p.m. on Thanksgiving and Christmas Day.
>
> c. That nighttime visitation will not resume without a motion and filing with the Court, included [sic] full performance of all requirements of the Plaintiff from the previous orders (including parenting classes and financial matters).

    d.    That the Plaintiff father is continued to be barred from the daycare or school of the minor child.

On 19 November 2012, plaintiff filed a "Motion to Change Custody, Motion to Set Aside Previous Order, Motion to Change Venue, Motion to Recuse" arguing that the trial court set aside the 15 June 2012 order and modify custody based on a substantial change in circumstances. Plaintiff argued the following in pertinent part: that defendant had continuously tried to thwart the relationship between plaintiff and the minor child; that the father has continuously asked for additional visitation but that defendant has denied his requests; and that plaintiff had completed the necessary parenting classes sponsored by Family Resources of Rutherford County, Inc.

Following a hearing held on 18 January 2013, the trial court entered an "Order in Custody & Visitation" on 13 February 2013 which included the following pertinent conclusions of law:

> 4.  That the prior orders of the court regarding visitation and custody have become obsolete due to myriad occurrences and changed circumstances obtain[ed] since the entry of what the parties maintain is the operative 26 May, 2010 court order in this matter, as amended. That an order *de novo* would best serve not only [the minor child's] best interest but also the best interest of the parties[.]

> 5.  That the most recent dispositive order in this matter, that filed 15 June, 2012, found there existed "a substantial change of circumstances requiring a modification of the previous order". That the court went on to enter what appears, as a matter of law and of fact, temporary restrictive provisions governing plaintiff's visitations with the parties' minor child . . . to wit: "That nighttime visitation will not resume without a motion and filing with the Court, including full performance of all requirements of the Plaintiff from the previous orders (including parenting classes and financial matters)."

> That [t]his language leads the Court to presume conclusively, as a matter of law, that this Court is invited to readdress the issues of custody and visitation, that the 15 June, 2012 order is a temporary one, at least relating to these issues, and that a requisite change of circumstances has already been found in said order.

6. That the plaintiff, as a matter of law and of fact, appears to the Court to have meaningfully addressed the primary impediments to resumption of a more liberal visitation with this minor child . . . ., as established by the court orders in this matter filed prior to 15 June, 2012, including but not limited to the following, to wit: plaintiff attended and graduated from parenting classes, is properly abiding by the current support orders affecting [the minor child], and is appropriately medicating himself . . . . Further, plaintiff has expressed believably in open court under oath that he is at long last prepared to aggressively abide by the orders of this Court and to be a compliant and appropriate custodian of the parties' minor child, and, further, the [defendant] asserted in open court that she presently believes the best interest of the parties' minor child is served by establishment of a more liberal program of visitation of the child with the plaintiff, a conclusion in which this Court concurs.

The 13 February 2013 order awarded defendant primary legal and physical care, custody, and control of the minor child, subject to the secondary custody of and visitation with plaintiff. Plaintiff was awarded the secondary legal and physical custody of the minor child, with rights of visitation, subject to the primary legal and physical care, custody, and control of the minor child by defendant.

Defendant appeals.

## II. Standard of Review

In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings. . . . The trial court's conclusions of law must be supported by adequate findings of fact. Whether a district court has utilized the proper custody modification standard is a question of law we review *de novo*. Absent an abuse of discretion the trial court's decision in matters of child custody should not be upset on appeal.

*Peters v. Pennington*, 210 N.C. App. 1, 12-13, 707 S.E.2d 724, 733 (2011) (citations and quotation marks omitted).

### III. Discussion

On appeal, defendant argues that the trial court erred by finding and concluding that the 15 July 2012 child custody order was temporary in nature and that consequently, the trial court erred by entering the 13 February 2013 child custody order absent finding a substantial change in circumstances. We agree.

"Custody orders may either be 'temporary' or 'permanent.'" *Woodring v. Woodring*, __ N.C. App. __, __, 745 S.E.2d 13, 17 (2013) (citations omitted). "[A] trial court's designation of an order as "temporary" or as "permanent" is not binding on this Court." *Lamond v. Mahoney*, 159 N.C. App. 400, 403, 583 S.E.2d 656, 658-59 (2003) (citation omitted). "[W]hether an order is temporary or permanent in nature is a question of law, reviewed on appeal de novo." *Smith v. Barbour*, 195 N.C. App. 244, 249, 671 S.E.2d 578, 582 (2009).

We note that

> [t]here is no absolute test for determining whether a custody order is temporary or final. A temporary order is not designed to remain in effect for extensive periods of time or indefinitely . . . . Temporary custody orders resolve the issue of a party's right to custody pending the resolution of a claim for permanent custody.

*Miller v. Miller*, 201 N.C. App. 577, 579, 686 S.E.2d 909, 911 (2009) (citations omitted). "[A]n order is temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues." *File v. File*, 195 N.C. App. 562, 568, 673 S.E.2d 405, 410 (2009) (citation omitted).

In the case *sub judice*, the trial court made the following finding of fact in the 13 February 2013 order:

> 12. That by order filed in this matter 15 June, 2012 the now long suffering Judge Pool found plaintiff yet again in contempt of orders in this matter, punished him, yet again, and severely restricted his visitation with the parties' minor child. Plaintiff was not present for the hearing. This Court notes this is the eighth order affecting the custody and visitation of the parties with their minor child.

> That it appears to this court as a matter of fact that, to the degree this 15 June, 2012 order restricts plaintiff's "nighttime visitation" with his child, it is a temporary order. The balance of the order appears to be permanent in nature.

The trial court thereafter concluded that

> 5. [T]he most recent dispositive order in this matter, that filed 15 June, 2012, found there existed "a substantial change of circumstances requiring a modification of the previous order." That the court went on to enter what appears, as a matter of law and of fact, temporary restrictive provisions governing plaintiff's visitations with the parties' minor child . . . to wit: Paragraph 3(c) of the dispositive portion of the 15 June, 2012 order reads: "That nighttime visitation will not resume without a motion and filing with the Court, including full performance of all requirements of the Plaintiff from the previous orders (including parenting classes and financial matters)."

> That this language leads the Court to presume conclusively, as a matter of law, that this Court is invited to readdress the issues of custody and visitation, that the 15 June, 2012 order is a temporary one, at least relating to these issues, and that a requisite change of circumstances has already been found in said order.

Although the trial court in the present case made a finding and concluded that the 15 June 2012 order was temporary in part and permanent in part, "[o]ur appellate decisions have consistently considered whether a custody 'order' as a whole was temporary or final rather than breaking down the parts of that order." *Smith*, 195 N.C. App. at 250, 671 S.E.2d at 583 (citation omitted).

Our careful review indicates that the 15 June 2012 order was not entered without prejudice to either party, failed to state a clear and specific reconvening time, and determined all the issues pertaining to custody. *See File*, 195 N.C. App. at 568, 673 S.E.2d at 410. Accordingly, we hold that the 15 June 2012 order was a permanent order and thus, the trial court erred by finding and concluding that the 15 June 2012 order was temporary in nature.

Based on the erroneous finding that the 15 June 2012 order was temporary in nature, the trial court concluded in the 13 February 2013 order

that the "best interest of the parties' minor child . . . is the Polar Star guiding the Court in its dispositions in this matter" and that the trial court's disposition "best serve[d] the best interest of the minor child[.]"

We emphasize that

> [p]ermanent child custody or visitation orders may not be modified unless the trial court finds there has been a substantial change in circumstances affecting the welfare of the child. If there has been a substantial change in circumstances, the court may modify the order if the modification is in the best interests of the child. Conversely, temporary orders may be modified by proceeding directly to the best-interests analysis.

*Woodring*, __ N.C. App. at __, 745 S.E.2d at 18 (citations omitted). Trial courts should "when memorializing their findings of fact, to pay particular attention in explaining whether any change in circumstances can be deemed substantial, whether that change affected the welfare of the minor child, and, finally, why modification is in the child's best interests." *Shipman v. Shipman*, 357 N.C. 471, 481, 586 S.E.2d 250, 257 (2003). "[A] substantial change in circumstances is unequivocally a conclusion of law. This phrase is a term of art, meaning that a change has occurred among the parties, and that change has affected the welfare of the *children* involved." *Garrett v. Garrett*, 121 N.C. App. 192, 197, 464 S.E.2d 716, 720 (1995), *overruled on other grounds by Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998). "It is not sufficient that there may be evidence in the record sufficient to support findings that could have been made." *Greer v. Greer*, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991).

Where we find that the trial court applied an improper modification standard, we hold that it erred by solely using a best-interests analysis instead of applying the substantial change in circumstances analysis to warrant modification of the prior custody order. Accordingly, we vacate the 13 February 2013 order and remand with instructions for the trial court to make further findings and conclusions with respect to this issue, consistent with this opinion.

Vacated and remanded.

Judges ELMORE and DAVIS concur.