IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-152

Filed 19 November 2024

Craven County, Nos. 23CRS734, 23CRS735

STATE OF NORTH CAROLINA

v.

DARREN LANCASTER

Appeal by Defendant from orders entered 27 September 2023 by Judge Joshua W. Willey, Jr., in Craven County Superior Court. Heard in the Court of Appeals 9 October 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Thomas J. Campbell, for the State-Appellee.*

*John W. Moss for Defendant-Appellant.*

COLLINS, Judge.

Defendant Darren Lancaster appeals from orders entered upon his adjudication of two counts of direct criminal contempt. Defendant argues that his behavior warranted only one contempt adjudication. Because N.C. Gen. Stat. § 5A-11(a) is unambiguous and Defendant's contemptuous behavior consisted of two separate outbursts, we find no error.

## I. Background

Defendant was present in the courtroom on 27 September 2023 for a pre-trial

hearing on unrelated matters. Defendant's counsel asked the court to inquire of Defendant whether he wished to proceed pro se, as Defendant had filed several pro se motions on the matter. Defendant expressed dissatisfaction with his attorney but ultimately stated that he wished to proceed with counsel. Defendant then asserted that he wished to have his case heard on 9 October 2023, less than two weeks later. Defendant's counsel noted that he had not yet received discovery from the State and told the trial court that he could not endorse a 9 October trial date. The trial court instructed the State to send discovery and continued Defendant's case until 28 November 2023.

Defendant, dissatisfied with his lawyer and his new court date, urged the trial court to reconsider. The following interaction ensued:

> THE DEFENDANT: And I'm saying, I mean, if he don't want to represent me on October 9, I'll represent myself.
>
> THE COURT: Well, if you want to fire him, you can. I'm not going to set the case for October 9th.
>
> THE DEFENDANT: Fuck y'all anyway --
>
> THE COURT: All right.
>
> THE DEFENDANT: -- fuck y'all and trumping all over my rights --
>
> THE COURT: Wait a minute, sir --
>
> THE DEFENDANT: I'm good, man --
>
> THE COURT: Sir, sir. You're not good.
>
> THE DEFENDANT: I'm good. I mean, y'all violate all a

man's rights. You know what I'm saying? I had a trial date set. You know what I'm saying? How -- set by another judge. You just did that, and you're going to just say "F" him because -- just go sit. Man, I'm good --

THE COURT: You already used the "F" word. You're not good. I'm -- I'm --

THE DEFENDANT: It's okay. It's okay. You already violated a man's rights --

THE COURT: It is not okay. Restrain him and get him in front of me.

I'm considering holding you in contempt of court for thirty days --

THE DEFENDANT: Restrain me for what?

THE COURT: For using profanity in this courtroom. Anything you wish to say in response to that?

THE DEFENDANT: No.

THE COURT: All right. The Court finds the defendant's use of profanity in this courtroom has disrupted the proceedings. He is found to be in contempt of court --

THE DEFENDANT: And I'll appeal that. Let's go, man.

THE COURT: He will do 30 days.

THE DEFENDANT: I'll appeal that. Let's go, man. I don't want to hear this shit. I don't want to hear this shit --

THE COURT: All right. He's again used profanity in this courtroom. I'm considering holding you in contempt for another 30 days for your continued use of profanity. Anything you wish to say?

THE DEFENDANT: Let me go, man.

THE COURT: All right.

THE DEFENDANT: I don't want to hear nothing you guys say.

THE COURT: The Court finds him in contempt of court a second time. Thirty days at the expiration of the first one.

THE DEFENDANT: And I will appeal all of that. Contempt -- I'll appeal all that.

The trial court entered a written order for each contempt adjudication. In the first order, the trial court found that Defendant "use[d] profanity in the courtroom causing a disruption in the courtroom and impeding [the] administration of justice" and sentenced Defendant to thirty days' imprisonment. In the second order, the trial court found that Defendant "use[d] profanity in the courtroom for a second time after having been found in contempt causing a disruption in the courtroom and impeding [the] administration of justice" and sentenced Defendant to a consecutive term of thirty days' imprisonment. Defendant appeals.

## II. Discussion

Defendant contends that the trial court erred by adjudging him in contempt of court on two separate counts. Specifically, Defendant argues that the term "behavior" in N.C. Gen. Stat. § 5A-11(a) is ambiguous because his repeated use of profanity within a short period of time "could reasonably be interpreted as one episode of contempt." We find no merit in Defendant's argument.

This Court reviews a trial court's contempt order for "whether there is competent evidence to support the trial court's findings of fact and whether the

findings support the conclusions of law and ensuing judgment." *State v. Mastor*, 243 N.C. App. 476, 480-81 (2015) (citation omitted). "The trial court's conclusions of law drawn from the findings of fact are reviewable *de novo*." *Curran v. Barefoot*, 183 N.C. App. 331, 335 (2007) (citation omitted). Moreover, issues of statutory construction are conclusions of law to be reviewed de novo. *State v. Patterson*, 266 N.C. App. 567, 570 (2019).

"When interpreting statutes, our principal goal is to effectuate the purpose of the legislature." *State v. Jones*, 358 N.C. 473, 477 (2004) (quotation marks and citation omitted). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Id.* (citation omitted).

N.C. Gen. Stat. § 5A-11(a) provides, in pertinent part,

> each of the following is criminal contempt:
>
> > (1) Willful behavior committed during the sitting of a court and directly tending to interrupt its proceedings.
> >
> > (2) Willful behavior committed during the sitting of a court in its immediate view and presence and directly tending to impair the respect due its authority.
> >
> > (3) Willful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution.

N.C. Gen. Stat. §§ 5A-11(a)(1)-(3) (2023).

"Behavior" is defined as "the way in which someone conducts oneself or behaves" or "an instance of such behavior." Behavior, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/behavior (last visited November 5, 2024). Our criminal contempt statute was enacted to protect trial courts' ability to keep peace in the courtroom and punish those who intentionally interfere with the administration of justice. *See File v. File*, 195 N.C. App. 562, 565-66 (2009). "A person guilty of any of the acts or omissions enumerated in [this section] may be punished for contempt because such acts or omissions have a direct tendency to interrupt the proceedings of the court or to impair the respect due to its authority." *Luther v. Luther*, 234 N.C. 429, 431 (1951).

Defendant was twice adjudged in direct criminal contempt for his use of profanity in the courtroom. Defendant's first contempt adjudication was based on the following exchange:

> THE DEFENDANT: And I'm saying, I mean, if he don't want to represent me on October 9, I'll represent myself.
>
> THE COURT: Well, if you want to fire him, you can. I'm not going to set the case for October 9th.
>
> THE DEFENDANT: Fuck y'all anyway --
>
> THE COURT: All right.
>
> THE DEFENDANT: -- fuck y'all and trumping all over my rights --

Defendant was adjudicated in contempt for his use of profanity in response to the trial court's refusal to grant Defendant an earlier court date. The outburst

- 6 -

interrupted court proceedings and impeded the trial court's administration of justice. *See File*, 195 N.C. App. at 565; N.C. Gen. Stat. § 5A-11(a)(1). Defendant noted his appeal from this contempt adjudication.

Defendant's second contempt adjudication was based on his reaction to the first contempt conviction:

> THE COURT: All right. The Court finds the defendant's use of profanity in this courtroom has disrupted the proceedings. He is found to be in contempt of court --
>
> THE DEFENDANT: And I'll appeal that. Let's go, man.
>
> THE COURT: He will do 30 days.
>
> THE DEFENDANT: I'll appeal that. Let's go, man. I don't want to hear this shit. I don't want to hear this shit --

As Defendant's behavior in response to his first contempt adjudication further interrupted court proceedings, the trial court found Defendant in direct criminal contempt again to preserve the administration of justice. *See id.* Defendant noted his appeal from this second contempt adjudication.

Each of Defendant's outbursts were separate episodes of behavior delineated by separate adjudications of contempt under N.C. Gen. Stat. § 5A-11(a) and separate notices of appeal. The statute is unambiguous, and Defendant's attempt to compress two separate incidents of contempt into one would in effect give him a "free ride" on the second of the two instances of profanity uttered to the court. That result does not comport with the language of the statute or the legislature's purpose in enacting it.

Furthermore, Defendant's reliance on extra jurisdictional jurisprudence interpreting different statutes as applied to different factual circumstances than those before us is neither binding nor persuasive.

### III.    Conclusion

The trial court did not err by adjudicating Defendant of two counts of criminal contempt.

NO ERROR.

Chief Judge DILLON and Judge CARPENTER concur.